UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JONATHAN COOPER,

                          Plaintiff,

v.                                            5:18-CV-28 (LEK/ATB)

DAVID PROUD, et al.,

                          Defendants.

JONATHAN COOPER, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

On January 5, 2018, the Clerk sent this case, together with plaintiff's application to proceed in forma pauperis ("IFP") to me for my initial review pursuant to 28 U.S.C. § 1915. (Dkt. Nos. 1, 2). On January 16, 2018, after my initial review of the complaint, I found that plaintiff failed to properly complete his IFP application, and in any event, he failed to state a claim in many respects. (Dkt. No. 5).

I afforded plaintiff forty five (45) days to submit a properly completed IFP application and an amended complaint. (*Id.* at 12) I referred plaintiff to the Northern District of New York Pro Se Assistance Attorney if he wished assistance in drafting an amended complaint. (*Id.* at 13). I also noted that if plaintiff did not properly complete his IFP, submit a proposed amended complaint or request an extension of time within which to do so, I would issue a Report-Recommendation based on the original filing. (*Id.*) The deadline for plaintiff to file his proposed amended complaint or request an extension of time to do so has now passed, the motion for IFP has not been supplemented as ordered, no proposed amended complaint has been filed, and plaintiff

has failed to ask for an extension of time to complete any one of the above. The original complaint has been returned to me for further action.

**I.     IFP Application**

In my January 16, 2018 Order, I noted that, although plaintiff indicated that he had no funds from any source, no income from "any" sources, no property, and no debts or liabilities, he indicated that he was a full-time student. Based on the plaintiff's form-application, I found that there was insufficient evidence to determine whether plaintiff met the requirements for IFP because the plaintiff had submitted insufficient evidence of his finances.

As I stated in my order, the purpose of the IFP application is so that the court may determine whether a litigant meets the standard for proceeding without payment of fees. The statute provides that the court shall dismiss an IFP action at any time if it determines that the "allegation of poverty is untrue." *Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (citing 28 U.S.C. § 1915(e)(2)(A)). Deliberately concealing or understating a litigant's finances in order to gain access to the court without the payment of fees qualifies as a false allegation of poverty. *Id.* at 467-68 (citations omitted).

Because this court could not determine the presence or absence of any finances in plaintiff's IFP application, the court asked plaintiff for further clarification of his financial status. (Dkt. No. 5 at 2-3). I also analyzed the facts stated in plaintiff's complaint and determined that he should be given an opportunity to amend in order to properly state certain of his section 1983 claims before I recommended dismissing the

claims pursuant to 28 U.S.C. § 1915(e). (Dkt. No. 5 at 3-13). I afforded plaintiff forty-five (45) days to comply with my order or ask for an extension of time to do so. The time expired on March 2, 2018. Even giving pro se plaintiff an extra three days for mailing, his time expired on March 5, 2018. Plaintiff has failed to submit either an updated IFP application or any proposed amended pleading as of today's date. Thus, pursuant to my January 16, 2018 Order, the Clerk has returned plaintiff's complaint to me for initial review.

Because plaintiff has not filed an updated IFP application, I find that he has not given the court sufficient information regarding his finances to allow me to determine whether plaintiff is financially eligible to proceed without the payment of fees, and thus, the court must deny plaintiff's application which will result in the dismissal of the complaint if plaintiff does not pay the full filing fee.

However, even if the plaintiff were to ultimately be granted IFP or if he pays the fee, the court will also discuss the plaintiff's allegations and recommend dismissing the claims that this court finds are insufficient to state a claim for relief.

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been

served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Hawkins–El III v. AIG Fed. Sav. Bank,* 334 F. App'x. 394, 395 (2d Cir. 2009) (affirming district court's sua sponte dismissal of fee paid frivolous complaint); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee.").

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.  Facts

The court will repeat the facts as stated in my January 16, 2018 Order for clarity. Plaintiff alleges that on July 21, 2015, he and his girlfriend Amiara Phillips left her parents' home so that plaintiff could drop Ms. Phillips off at work. (Compl. at CM/ECF p.4).[1] Plaintiff states that after dropping Ms. Phillips at her job, he drove to "410 Crouse" so that he could attend his Drug Treatment Program. (*Id.*) As he parked the

---

[1] Plaintiff has filed a form-complaint for cases brought pursuant to 42 U.S.C. § 1983. However, he has added typewritten pages that are unnumbered. The court will cite to the pages of the complaint as assigned by the court's electronic filing system (CM/ECF).

4

car, he was approached by an "unmarked vehicle."[2] (*Id.*)  Plaintiff states that "Detectives" demanded that they be allowed to search the vehicle "without reason." The detectives began questioning plaintiff and told him that he had been seen leaving the house of Clifton Phillips, Sr.  The detectives "demanded" that plaintiff "tell them about Clifton Phillips, Sr. (*Id.*)  Plaintiff states that he was told that this was "a parole situation" and that he "would be detained from here on out." (*Id.*)

Plaintiff claims that, while he was "pulled over," defendant Syracuse Police Officer David Proud questioned plaintiff about Mr. Phillips, insisting that he had drugs and guns.  Defendant Proud told plaintiff that Mr. Phillips would not hesitate to kill plaintiff and put a bullet in his head, scaring plaintiff to the point that he urinated involuntarily and began to cry "intensely."  Plaintiff states that he had no knowledge of the guns or drugs, but that defendant Proud told plaintiff that if he did not talk to the officers, he was "going upstate for a long time."  Even though plaintiff's drug treatment counselor came out to "intervene," the officers put plaintiff under arrest and drove him back to the Phillips's home at approximately 10:00 a.m. (*Id.*)

Plaintiff claims that when they got back to the Phillips's home, he was taken inside and handcuffed for "the next 8 hours," while the officers obtained a search warrant for the home.  Plaintiff claims that while he was waiting, the officers taunted him for being a drug addict and for how he looked.  Later, plaintiff was taken to the County Jail, where he claims that he "sat on false charges" and missed his drug treatment program for "over a month."  Plaintiff claims that these "false accusations

---

[2] Plaintiff states that as he was parking, he was "pulled over" by the unmarked vehicle.  If plaintiff was parking his car in a lot, he had already "pulled over."

nearly got [him] kicked out of treatment, which caused him a great deal of stress, because he was "doing so well." (*Id.*) Plaintiff claims that defendant Proud's statements "stuck" with plaintiff from "that day forward," and have "negatively impacted" plaintiff and his sobriety. (*Id.* at 5).

The complaint contains three causes of action: (1) Violation of plaintiff's Fourth Amendment rights to be free from "unreasonable stops, searches, and seizures;" (2) Violation of plaintiff's Fifth and Fourteenth Amendment rights when "defendants" intentionally planted and manufactured evidence "to . . . violate plaintiff's due process and equal protection . . . rights;" and (3) Violation of plaintiff's Sixth Amendment right to be free from malicious prosecution and from manipulation of the law to "pressure and intimidate the plaintiff."[3] (Compl. at 6).

Plaintiff seeks substantial monetary relief. (Compl. at 7).

## III. Syracuse Police Department

### A. Legal Standards

Departments that are merely administrative arms of a municipality do not have a legal identity separate from the municipality and may not sue or be sued. *Rose v. County of Nassau*, 904 F. Supp. 2d 244, 247 (E.D.N.Y. Nov. 9, 2012) (citing *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y.2002) (dismissing claim against the police department); *Umhey v. County of Orange*, 957 F. Supp. 525, 530–31

---

[3] The court notes that plaintiff's three causes of action are identical to the three causes of action asserted by Amiara Phillips in 5:18-CV-29. These two pages are literally the same. Plaintiff Cooper's third cause of action contains a sentence stating that defendants intentionally prosecuted the plaintiff for crimes that "he" did not commit. However it is clear that plaintiff erased the "s" in front of "she," which appears in Ms. Phillips complaint.

(S.D.N.Y. 1997) (dismissing case against the County Board of Ethics). Therefore, claims asserted under 42 U.S.C. § 1983 will be dismissed against an administrative department or sub-division of a municipality or county. *Id. See also Baker v. Willett*, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) (because the county sheriff's office was an administrative arm of the county, it was not the appropriate party in a section 1983 action)).

### B.   Application

Plaintiff named many of the same defendants as are named in *Clifton Phillips, Sr. v. Proud*, 5:16-CV-1140, including the Syracuse Police Department. As I stated in my January 16, 2018 Order and in my Order and Report Recommendation in 16-CV-1140, plaintiff may not sue the Syracuse Police Department under any circumstances. Naming the City of Syracuse would have been sufficient, and plaintiff has named the City of Syracuse as a defendant. Thus, to the extent that plaintiff names the "Syracuse Police Department," that entity must be dismissed with prejudice.

In my January 16, 2018 Order, I noted that if plaintiff wished to state a claim for municipal liability against the City of Syracuse, he must make the proper allegations. (Dkt. No. 5 at 6-7). Notwithstanding the liberality with which pro se complaints are treated,[4] plaintiff made no allegations in the complaint, that could be "liberally" have been interpreted as alleging municipal liability. In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Supreme Court outlined the limited circumstances under which a municipality may be liable under Section 1983. My order contained a detailed footnote

---

[4] *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (pro se papers are interpreted liberally to raise the strongest arguments suggested therein).

7

describing that a municipality may only be named as a defendant in certain circumstances. (Dkt. No. 5 at 7-8 n.8). Because plaintiff has not submitted a proposed amended pleading, this court must now recommend dismissing both the Syracuse Police Department (because that entity may not be sued), and the City of Syracuse for failure to allege municipal liability.

## IV. Prosecutorial Immunity

### A. Legal Standards

Prosecutors are afforded absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the grand jury). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). Absolute immunity has not been extended to situations in which the

prosecutor gives legal advice to the police. *Burns v. Reed*, 500 U.S. 478, 492-93 (1991) (citations omitted). *See Brown v. Oneida County*, No. 6:15-CV-849, 2016 WL 4275727, at *10 (N.D.N.Y. Aug. 12, 2016) (denying absolute immunity when precise actions of the prosecutor were unknown). In these situations, the prosecutor would be entitled only to qualified immunity.

### B. Application

In my January 16, 2018 Order, I found that, even though plaintiff named former Assistant District Attorney Michael Ferrante, he had failed to allege any facts that would defeat absolute prosecutorial immunity. (Dkt. No. 5 at 9). Plaintiff has not submitted a proposed amended pleading, therefore, this court must recommend dismissal of defendant Ferrante.

## V. Personal Involvement

### A. Legal Standards

Personal involvement is required for the assessment of damages in a section 1983 action, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).

### B. Application

In my January 16, 2018 order, I noted that plaintiff sued several of the defendants that were named in 16-CV-1140. However, plaintiff only mentions defendant Officer Proud by name in this complaint. Plaintiff never mentioned defendants Braun, Staub,

9

Fura, or Rigby,[5] and he did not state how any of these other defendants were involved in the violation of his rights. Conclusory allegations are insufficient to state a claim under section 1983. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987). I warned plaintiff that he could not simply list a variety of defendants without stating how each of them violated his constitutional rights. I gave plaintiff the opportunity to amend his complaint, to specify how **named officers** violated **his** constitutional rights, not the rights of any other person. (Dkt. No. 5 at 9-10). Because plaintiff has failed to submit a proposed amended complaint, this court will recommend dismissal as to defendants Braun, Staub, Fura, and Rigby for failure to allege any personal involvement in any specific constitutional violations.

## VI.   Causes of Action

Plaintiff's first cause of action alleges that the defendants violated his right to be free from unreasonable stops, searches, and seizures. In my January 16, 2018 order, I noted that, read liberally, plaintiff could state a claim for illegal search and/or false arrest by defendant Proud, who is the only defendant that plaintiff mentions in his complaint. It appears that defendant Proud was present at the search of the car that plaintiff was driving. However, plaintiff states that he was approached after he had parked in a parking lot, and although he states that the car was searched "without reason," he states that he was also told that "this was a parole situation and [he] would

---

[5] Not only does plaintiff fail to make any claims against defendant Rigby, but has listed the defendant incorrectly. (Compl. at 2). Defendant Rigby is a Senior Parole Officer, not a Police Officer as plaintiff states in his list of defendants. Defendant Rigby is not employed by the City of Syracuse. *See* 5:16-CV-1140. In 5:16-CV-1140, Defendant Rigby is listed as a Senior Parole Officer and is represented by the Attorney General of the State of New York.

be detained from here on out." (Compl. at 4). It is unclear to whose parole the officers were referring. Plaintiff has failed to clarify the facts surrounding the search of the car he was driving.

Plaintiff's second cause of action alleges that his Fifth and Fourteenth Amendment rights were violated when "the defendants" intentionally "planted and manufactured evidence" to violate plaintiff's due process and equal protection rights. There are absolutely no factual statements supporting this claim.[6] Plaintiff has failed to submit an amended complaint to clarify his allegations. Plaintiff does not explain what evidence he believes was "planted" or "manufactured" and how his due process rights were violated. In addition, the Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker*, 114 F.3d 17, 20 (2d Cir. 1997). Thus, in order to state an equal protection violation, plaintiff would have to allege that he was treated differently than other specific individuals[7] who were similarly situated. Plaintiff has failed to do so. Thus, the court will recommend dismissal of plaintiff's due process and equal protection causes of action.

Finally, plaintiff's third cause of action alleges malicious prosecution. However, one of the elements of malicious prosecution is that the criminal proceeding must have terminated in the plaintiff's favor. *Jocks v. Tavernier*, 316 F.3d 128, 136 (2d Cir. 2003).

---

[6] Plaintiff has clearly copied the causes of action listed in 5:16-CV-1140, but has failed to substantiate these allegations with any facts that relate to this plaintiff. (Dkt. No. 1 in 16-CV-1140).

[7] Once again, in order to state a claim, plaintiff would have to specify how he was treated differently than other specific individuals. He may not simply make the conclusory statement that defendants treated him differently.

Although plaintiff states that he was held on "false charges," there is no indication that any prosecution terminated in his favor. Plaintiff has failed to clarify the facts surrounding his claim of malicious prosecution, and thus, this court would recommend dismissing this claim.

## VII.   Conclusion

Since plaintiff did not properly supplement his IFP application, the court must first deny plaintiff's application for IFP. Even if plaintiff pays the filing fee or the court determines that it should grant IFP after any objections by plaintiff, the court will recommend dismissing all of plaintiff's claims except the claim of illegal search and seizure and false arrest as against defendant Proud.[8]

Although generally, before the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Certain of plaintiff's claims–against the Syracuse Police Department and defendant Ferrante, are futile and should be dismissed with prejudice, regardless of

---

[8] The court notes that none of the other defendants are mentioned specifically in the complaint as being involved with the stop and search of the car and with plaintiff's arrest. Plaintiff had the opportunity to amend his complaint but failed to do so. This court may only base its decision on the facts as asserted in this complaint. The court understands that Clifton Phillips has filed some exhibits in 5:16-CV-1140, which may relate to Mr. Cooper. However, the court cannot read multiple complaints in order to create the this plaintiff's claims for him, notwithstanding the liberality with which pro se complaints are treated.

whether plaintiff is granted IFP. Plaintiff was already given an opportunity to amend his complaint as against defendants City of Syracuse, Braun, Straub, Fura, and Rigby, but failed to do so. Thus, I am recommending dismissal of plaintiff's remaining claims except for the potential claims against defendant Proud for illegal search and false arrest.

If, in any objections to my recommendation, the pro se plaintiff shows reasonable cause for not following this court's direction to file an amended complaint to address the deficiencies in his original pleading, the District Court may decide to allow plaintiff one more attempt to amend the complaint with respect to these other defendants/causes of action that are not futile. Otherwise, this court recommends that the remaining claims should be dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's application for IFP status is **DENIED** for failure to properly complete the form as ordered by this court, and it is

**RECOMMENDED**, that this complaint be **DISMISSED IN ITS ENTIRETY** for failure to properly apply for IFP, and it is

**RECOMMENDED**, that even if plaintiff should properly submit an IFP application with his objections to this Report, and the District Court grant IFP status, or if plaintiff should pay the filing fee, that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** as to defendant Syracuse Police Department and defendant Ferrante, and be **DISMISSED AS TO DEFENDANTS CITY OF SYRACUSE, BRAUN, STAUB, FURA, and RIGBY, INCLUDING PLAINTIFF'S**

**CLAIMS OF EQUAL PROTECTION, DUE PROCESS AND MALICIOUS PROSECUTION**, and it is

**RECOMMENDED**, that if plaintiff is ultimately granted IFP or pays the filing fee, that the complaint be returned to me for further proceedings including an order serving **DEFENDANT PROUD FOR CLAIMS OF ILLEGAL SEARCH AND SEIZURE AND FALSE ARREST**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 22, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge